IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIDLAND FUNDING LLC,

     Plaintiff,                                No. 2:13-cv-100-LKK-EFB PS

     vs.

EUGENE KORTE and DOES 1-100,

     Defendants.                           FINDINGS AND RECOMMENDATIONS

                                          /

On January 17, 2013, defendant Eugene Korte, proceeding pro se, filed a notice of removal of this collections case from the Superior Court of the State of California for Solano County (Solano County case number FCM127349).[1] Dckt. No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is

---

[1] Also on January 17, 2013, defendant filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. However, in light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

1

strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet that burden.

The notice of removal states that this court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1446 and 1331. Dckt. No. 1 at 2. Specifically, plaintiff contends that the action arises under the Federal Debt Collection Practice Act and the Fair Credit Reporting Act, citing to a complaint defendant filed in this court against plaintiff alleging violations of those statutes. *Id.* (citing *Korte v. Midland Funding LLC, et al.*, 2:13-cv-0035-JAM-JFM PS). Plaintiff contends that the state court case at issue herein, FCM127349, as well as another state court case, FCM127729,[2] "are now filed in the United States District Court under Case Number 2:13-cv-0035 JAM JFM PS . . . ." *Id.* at 3.

However, a review of the state court complaint at issue herein – FCM127349 – reveals that plaintiff does not allege any federal claims; instead, plaintiff filed a collections case under state law. Dckt. No. 1 at 200-205 (Compl.); *see also* Cal. Rule of Court 3.740(a) ("'Collections case' means an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney fees, arising from a transaction in which property, services, or money was acquired on credit."). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of

---

[2] Although defendant references this additional state court case, all of the documents attached to the notice of removal relate to FCM127349. Therefore, it appears that is the case defendant removed from state court.

2

federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Here, plaintiff's one cause of action is for collections under state law, and under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal.[3]  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Defendant appears to believe that the complaint he filed in *Korte v. Midland Funding LLC, et al.*, 2:13-cv-0035-JAM-JFM PS, which alleges violations of the Fair Debt Collections Practices Act by plaintiff, creates federal jurisdiction in this removal action.  Dckt. No. 1 at 3. However, neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim")*; Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir. 2005)  ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").  Therefore, because defendant has not adequately established a basis for this court's subject matter jurisdiction, the case must be remanded.[4]  *See* 28 U.S.C. § 1447(c).

---

[3] Nor has defendant established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000, nor does it appear that removal by defendant would be proper under 28 U.S.C. § 1441(b), which permits removal in diversity cases only when "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[4] Nor does it appear that the notice of removal was timely.  Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, the complaint was filed in state court on February 14, 2012, yet the notice of removal was not filed until January 17, 2013.

Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Solano.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  January 22, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4